IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDRA JEWSEVSKYJ<br>4311 Pearson Avenue<br>Philadelphia, PA 19114<br><br>*Plaintiff,*<br><br>vs.<br><br>EINSTEIN HEALTHCARE<br>NETWORK t/d/b/a MOSSREHAB<br>MAIN CAMPUS<br>60 Township Line Road<br>Elkins Park, PA 19027<br><br>-and-<br><br>JENNIFER TEAL<br>60 Township Line Road<br>Elkins Park, PA 19027 | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Alexandra Jewsevskyj, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to seek redress against the Defendant, her former employer to seek redress for violations of the Family and Medical Leave Act ("FMLA") and other applicable law.

## PARTIES

2. Plaintiff, Alexandra Jewsevskyj (hereinafter "Plaintiff") is an adult individual currently residing at the above address.

3. Defendant, Einstein Healthcare Network t/d/b/a MossRehab Main Campus ("Moss") is believed and therefore averred to be a corporation existing pursuant to the laws of the Commonwealth of Pennsylvania with a place of business at the address listed in the caption of this Complaint.

4. Defendant, Jennifer Teal, was at all times relevant hereto Plaintiff's supervisor.

5. At all times relevant hereto, the Defendant acted by and through its agents, servants and employees, each of whom, at all times relevant hereto, acted within the scope of their job duties.

6. It is believed and therefore averred that Defendant is an "employer" within the meaning of the FMLA because it is engaged in an industry affecting commerce and because it maintains or maintained fifty ("50") or more employees within seventy-five ("75") miles of Plaintiff's worksite for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year.

7. Defendant Teal is an "employer" as defined by the Family Medical Leave Act, within the definition set forth in 29 U.S.C. Sec. 2611(4)(A)(i)-(iii).

8. Defendant Teal is engaged in commerce or in an industry or activity affecting commerce which employs 50 or more employees for each working day

2

during each of 20 or more calendar workweeks in the current or preceding calendar year.

9. Teal is a person who acts, directly or indirectly, in the interest of Defendant Moss to any of the employees of Defendant Moss.

10. Teal is an individual supervisor liable for FMLA violations as codified in the U.S. Department of Labor FMLA implementing regulations, 29 CFR 825.104(a),(d).

11. The FMLA definition of "employer" is materially identical to the FLSA definition, and the Third Circuit has found individual liability for FLSA violations, including liability for lower level supervisors.

12. Teal is Plaintiff's "employer" as that term is used under the FMLA because an "employer" as "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer."

13. Upon information and belief, Teal had the power to fire the Plaintiff.

14. Upon information and belief, Teal supervised and controlled the Plaintiff's work schedules or conditions of employment.

15. Upon information and belief, Teal determined the rate and method of Plaintiff's payment or at least had substantial influence over the same.

16. Upon information and belief, Teal maintained some or all of Plaintiff's employment records.

17. Plaintiff is an "eligible employee" within the meaning of the FMLA because she was: (a) employed by Defendant for a period of at least twelve (12) months; and (b) worked at least 1,250 hours in the twelve-month period immediately preceding the scheduled commencement of her FMLA leave.

## JURISDICTION and VENUE

18. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

19. The Court may properly maintain personal jurisdiction over the Defendants because the Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over the Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

20. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

21. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

4

22. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in and conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (the Plaintiff was employed in the Eastern District of Pennsylvania at the time of the unlawful actions set forth herein.)

## FACTUAL BACKGROUND

23. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

24. Plaintiff is a former employee of the Defendant.

25. Plaintiff was employed as an "Administrative Coordinator" from June 2011 until April 5, 2013 when she was unlawfully terminated in violation of the FMLA.

26. While employed by Defendant, Plaintiff's immediate supervisor was Defendant, Jennifer Teal.

27. On or about Saturday, January 19, 2013, Teal picked up Plaintiff's daughter to go roller skating with Teal's daughter.

28. Plaintiff was called to pick up her daughter early because she had fallen and injured her wrist.

29. The condition of the wrist injury did not improve over the weekend.

30. Plaintiff's daughter had a swollen wrist.

31. Plaintiff followed ordinary call out procedures on January 21, 2013 and informed Teal that she was going to take her daughter to the doctor.

32. Plaintiff was able to have her daughter evaluated at Defendant's facility by an orthopedic doctor.

33. Plaintiff's daughter received an x-ray and had her wrist placed in a cast.

34. Previously, Plaintiff had been told by her supervisor that she and others were not allowed to use "sick time" for their children.

35. In February 2013, Plaintiff herself fell at work causing an injury.

36. Plaintiff made an orthopedic appointment on or about March 6, 2013.

37. As a result of Plaintiff's fall in February 2013, she applied for worker's compensation, but was denied.

38. It is believed and therefore averred that around February 2013, Teal began to "pick on" Plaintiff by threatening her with "write-ups".

39. At one point, Teal sent Plaintiff home with pay for allegedly using foul language.

40. A day or so after being sent home by Teal, Plaintiff was forced to come to an HR meeting where she was browbeaten into providing a statement as to why she thought she should be allowed to keep her job.

41. When Plaintiff tried to speak at the HR meeting, she was consistently cut-off.

42. Upon leaving the meeting, Teal gave Plaintiff a smug face.

43. Approximately two weeks later, Plaintiff came down with a severe stomach virus.

44. Despite this stomach virus, Plaintiff tried to come to work.

45. Plaintiff's co-workers noted to her that she looked so sick that she should not have come to work.

46. The Defendant even posted signs stating that if an employee displayed any signs of a "neuro-virus" such as vomiting or diahehha, they were not to report to work.

47. Plaintiff called Teal and advised that she could not come in due to her stomach virus.

48. Plaintiff inquired with Teal as to whether she required a doctor's note.

49. Upon information and belief, Teal advised Plaintiff that she only needed a doctor's note if she was going to be out for three or more days.

50. Plaintiff returned the next day and Teal was waiting at her desk.

51. Teal asked for Plaintiff's badge and advised that she was being terminated for having "four call outs" within six ("6") months.

52. It is believed and therefore averred that Plaintiff was never given any written warnings for "excessive" call-outs.

53. It is believed and therefore averred that Plaintiff was pretextually terminated for invoking her FMLA rights.

54. It is believed and therefore averred that Plaintiff was pretextually terminated for attempting to make a worker's compensation claim in violation of Pennsylvania law.

## COUNT I
## FMLA INTERFERENCE
### *Plaintiff vs. Moss*

55. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

56. Moss, through its agents, knew or should have known Plaintiff was attempting to take qualified time off under the FMLA to receive treatment for her serious medical condition.

57. Moss knew or should have known Plaintiff was attempting to take qualified time off under the FMLA to care for her daughter.

58. Moss interfered with Plaintiff as aforesaid, for using qualified FMLA time.

59. The foregoing conduct by Moss constitutes a violation of the FMLA, in that Moss interfered with the Plaintiff using qualified FMLA time by gratuitously disciplining her upon her return to work on several occasions in violation of 29 U.S.C. § 2615.

60. As a result of Moss' violations of the FMLA, Plaintiff has suffered damages as set forth herein.

## COUNT II
## FMLA INTERFERENCE
### *Plaintiff vs. Teal*

61. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

62. Defendant Teal is an "employer" as defined by the Family Medical Leave Act, within the definition set forth in 29 U.S.C. Sec. 2611(4)(A)(i)-(iii).

63. Defendant Teal is engaged in commerce or in an industry or activity affecting commerce which employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

64. Teal is a person who acts, directly or indirectly, in the interest of the Defendants to any of the employees of Defendant Moss.

65. Teal is an individual supervisor liable for FMLA violations as codified in the U.S. Department of Labor FMLA implementing regulations, 29 CFR 825.104(a), (d).

66. The FMLA definition of "employer" is materially identical to the FLSA definition, and the Third Circuit has found individual liability for FLSA violations, including liability for lower level supervisors.

67. Teal, knew or should have known Plaintiff was attempting to take qualified time off under the FMLA to receive treatment for her serious medical condition.

9

68. Teal knew or should have known Plaintiff was attempting to take qualified time off under the FMLA to care for her daughter.

69. Teal interfered with Plaintiff as aforesaid, for using qualified FMLA time.

70. The foregoing conduct by Teal constitutes a violation of the FMLA, in that Teal interfered with the Plaintiff using qualified FMLA time by gratuitously disciplining her upon her return to work on several occasions in violation of 29 U.S.C. § 2615.

71. As a result of Teal's violations of the FMLA, Plaintiff has suffered damages as set forth herein.

## COUNT III
## FMLA RETALIATION
### *Plaintiff vs. Moss*

72. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

73. Moss, through its agents, knew or should have known Plaintiff was attempting to take qualified time off under the FMLA to receive treatment for her serious medical condition.

74. Moss knew or should have known Plaintiff was attempting to take qualified time off under the FMLA to care for her daughter.

75. Moss retaliated against Plaintiff as aforesaid, for using qualified FMLA time.

76. The foregoing conduct by Moss constitutes a violation of the FMLA, in that Moss retaliated against the Plaintiff using qualified FMLA time by gratuitously disciplining her upon her return to work on several occasions in violation of 29 U.S.C. § 2615.

77. As a result of Moss' violations of the FMLA, Plaintiff has suffered damages as set forth herein.

## COUNT IV
## FMLA RETALIATION
### *Plaintiff vs. Teal*

78. Defendant Teal is an "employer" as defined by the Family Medical Leave Act, within the definition set forth in 29 U.S.C. Sec. 2611(4)(A)(i)-(iii).

79. Defendant Teal is engaged in commerce or in an industry or activity affecting commerce which employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

80. Teal is a person who acts, directly or indirectly, in the interest of the Defendants to any of the employees of Defendant Moss.

81. Teal is an individual supervisor liable for FMLA violations as codified in the U.S. Department of Labor FMLA implementing regulations, 29 CFR 825.104(a), (d).

82. The FMLA definition of "employer" is materially identical to the FLSA definition, and the Third Circuit has found individual liability for FLSA violations, including liability for lower level supervisors.

83. Teal, knew or should have known Plaintiff was attempting to take qualified time off under the FMLA to receive treatment for her serious medical condition.

84. Teal knew or should have known Plaintiff was attempting to take qualified time off under the FMLA to care for her daughter.

85. Teal retaliated against Plaintiff as aforesaid, for using qualified FMLA time.

86. The foregoing conduct by Teal constitutes a violation of the FMLA, in that Teal retaliated against the Plaintiff using qualified FMLA time by gratuitously disciplining her upon her return to work on several occasions in violation of 29 U.S.C. § 2615.

87. As a result of Teal's violations of the FMLA, Plaintiff has suffered damages as set forth herein.

## COUNT V
## WRONGFUL DISCHARGE
### *Plaintiff v. Moss*

88. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

89. Pennsylvania law recognizes a cause of action for wrongful discharge for an employee who files a claim for workers' compensation benefits and is subsequently terminated.

90. In this case, Plaintiff engaged in protected activity by filing for workers compensation benefits, pursuant to her injury on or about February 2013.

91. There is a direct causal relationship between Plaintiff's discharge and her request for workers compensation, the same of which constitutes a public policy violation to the at-will employment doctrine.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that the Court enter judgment in her favor and against the Defendants and that it enter an Order as follows:

a. The Defendants are to be permanently enjoined from engaging in discrimination against the Plaintiff on the basis of her FMLA to the extent such remedies are available as a matter of law.

b. The Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating against employees based on their violations of the FMLA and are to be ordered to promulgate an effective policy against such interference and retaliation and to adhere thereto to the extent such remedies are available as a matter of law..

c. The Plaintiff is to be awarded compensatory damages to the extent such remedies are available as a matter of law.

d. The Plaintiff is to be awarded punitive damages to the extent such remedies are available as a matter of law.

e. The Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees to the extent such remedies are available as a matter of law.

f. The Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Any verdict in favor of the Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law;

h. The Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure that the Defendants do not engage – or cease engaging – in unlawful retaliation against the Plaintiff or other witnesses to this action; and

i. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

Respectfully submitted,

KOLMAN ELY, P.C.

_____
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138
wely@kolmanlaw.net
wcsipio@kolmanlaw.net

*Attorneys for Plaintiff*

Dated:    March 20, 2014

15